### In re MIDLAND UNITED CO.

No. 1073.

United States District Court
D. Delaware.

June 30, 1953.

Solomon Freedman, Lawrence M. Greene, Washington, D. C., for Securities and Exchange Commission.

Ben W. Heineman, of Swiren & Heineman, Chicago, Ill., for Midland Realization Co.

Paul L. Jaffe, Philadelphia, Pa., for Goldman, Sachs & Co., Gerstley, Sunstein & Co., and L. F. Rothschild & Co.

BIGGS, Circuit Judge.

The Securities and Exchange Commission has filed a petition requesting an extension of the expiration date of the period within which persons entitled to participate under the plan of reorganization dated September 30, 1944, may present or surrender their securities for exchange. Five years and six days have expired since the final decree in these cases. The original proceedings commenced in 1934, a few days after Section 77B was enacted. Nineteen years of litigation is nearly enough.

Most strenuous efforts have been made by Midland Realization Company and Midland Utilities Company and by the Securities and Exchange Commission itself to have the holders of the outstanding securities of Midland United Company and Midland Utilities Company participate in the distribution of securities under the plan of reorganization. These efforts are outlined in paragraph 4 of the petition of the Securities and Exchange Commission, filed herein on June 26, 1953. The court authorized Realization and Utilities to expend a sum not to exceed $50,000 in tracing security holders who have not turned in their securities in order that they might participate in the plan. The companies have expended over $36,000 in endeavoring to find these security holders. Attached as an exhibit to the petition is a list of the outstanding securities of Midland United Company and Midland Utilities Company as of the end of May, 1953. This list shows the principal amounts surrendered and outstanding and the percentages remaining from April, 1945, to the end of May, 1953, the percentages of securities deposited during the first five months of 1953 being individually set out. This exhibit shows that no Midland Utilities Company debentures were deposited in the first five months of 1953; that the amount of Midland Utilities Company prior lien series stock outstanding has been diminished but very slightly, and that this is true also in respect to the Midland United Company preferred $3 series stock.

If it were not for one additional factor I would not extend the termination date. See Section 119, Section 204 and Section 205 of the Bankruptcy Act, as amended, 11 U.S.C.A. §§ 519, 604, 605. The additional factor which causes me to extend the termination date is that there is some reason to believe that the outstanding Midland Utilities Company debentures, worth at present prices approximately $171,000, may be held in only three accounts or, at least, by a comparatively small number of owners. If the number of persons owning the outstanding debentures is in fact so small it would seem unjust not to allow further efforts to be made to locate them and to cause them to deposit their securities. Personal solicitation, if the holders of these debentures can be found, might result in their receiving substantial sums. For this reason I shall extend the termination date to November 30, 1953 and no longer. During this period the Companies, Realization and Utilities, should continue their efforts to cause the holders or owners of the outstanding stocks to participate in the plan.

I shall make no specific order directed to the Companies. They will treat this opinion as a directive and I know that they will carry out the wishes of the Court vigorously and in good faith.